This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42783**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PATRICK APODACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Dixon Scholl Carrillo P.A.
Spring V. Schofield
Rhys Llewellyn
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we affirm.

**{2}** In our notice of proposed summary disposition, we proposed to hold there was sufficient evidence presented in support of Defendant's conviction for criminal sexual

contact of a minor in the third degree [CN 1-4], Defendant had not established a prima facie case of ineffective assistance of trial counsel [CN 4-7], and that the district court did not err in denying Defendant's motion for mistrial based on the State's purported failure to timely provide evidence [CN 7-9].

{3}     In his memorandum in opposition, Defendant first continues to argue that the evidence presented regarding the date of incident was insufficient and based on improper conjecture and speculation. [MIO 2-5] As we previously noted in our calendar notice, in examining a claim of insufficient evidence, we disregard all evidence and inferences that support a different verdict. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. [CN 2] Thus, the evidence we examine on appeal is the testimony from Victim that she believed the incident took place around Thanksgiving when she was twelve years old, that it was cold outside, and that she was home from school. [MIO 4] Defendant does not argue that Victim was not twelve years old in 2020 or that Thanksgiving on that year took place on a date other than November 26, 2020, only that this testimony by Victim was insufficient and the jury's reliance on it was speculative. [MIO 4-5] We disagree with Defendant. *See State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 ("[W]e view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict" (internal quotation marks and citation omitted)); *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 (explaining that the testimony of a single witness constitutes sufficient evidence to uphold a conviction).

{4}     We are similarly not persuaded by Defendant's argument that Victim's testimony that it was cold outside and that she was home from school renders the evidence insufficient because it could raise "plausible alternatives" to a different date of incident. [MIO 4] *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

{5}     Defendant also continues to contend that the district court abused its discretion by denying Defendant's motion for mistrial based on the State's assertions of a proper disclosure of evidence rather than requiring supportive documentation or other evidence. [MIO 6-8] While Defendant concedes that there is not "case law that explicitly states that the district court is required to consider evidence" of an evidentiary disclosure by the State, Defendant argues that "[i]t is clearly an abuse of discretion for the [d]istrict [c]ourt to conclude that a defendant received critical evidence before trial without requesting evidence of such a claim." [MIO 6]

{6}     The issue was brought to the district court's attention through a claim by defense counsel that the detective's lapel video recording had not been disclosed. [MIO 6-7] The district court then "ordered the State to determine if it had received the lapel video from [the detective] and if the lapel video had been disclosed to [d]efense [c]ounsel." [MIO 7] Counsel for the State contacted its office staff, who "confirm[ed] that the State did have

possession of the video and did disclose the video to [d]efense." [MIO 7] It was based on this investigation and statements by the State that the district court denied Defendant's motion for mistrial. [MIO 7]

**{7}** We disagree with Defendant that this inquiry by the district court constituted a "failure to evaluate in any[ ]way whether [Defendant] actually received the witness statement at issue before ruling in favor of the State." [MIO 8] Rather it appears the district court conducted an adequate inquiry and appropriately relied upon the statements of the parties in addressing the motion. We cannot say the district court's decision was "clearly contrary to the logical conclusions demanded by the facts and circumstances of the case" that would constitute an abuse of discretion. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted).

**{8}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's judgment and sentence.

**{9}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KATHERINE A. WRAY, Judge**